*3:12-CV-3743-*
*ADR ECF MEJ*

# CIVIL COVER SHEET

JS 44 CAND (Rev 12/11)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Division of Labor Standards Enforcement, Department of Industrial Relations, State of California, Julie Su, California State Labor Commissioner, on Behalf of the People of the State of California

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael L. Smith, Esq., Division of Labor Standards Enforcement
Department of Industrial Relations
455 Golden Gate Ave., 9th Floor
San Francisco, CA 94102 / 415-703-4863

**DEFENDANTS**
Siemens Industry, Inc.

County of Residence of First Listed Defendant    Fulton County, Georgia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Gregory G. Iskander, Esq. / Yasmeen Omidi, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597 / 925-932-2468

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instruments | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Exc. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 720 Labor/Mgmt. Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Med Malpractice | [ ] 385 Property Damage Product Liability | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 530 General | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, 1446
Brief description of cause:
Wrongful termination, back pay, injunctive relief, violation of Labor Code Section 6310

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*
JUDGE _____    DOCKET NUMBER _____

**IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)**
*(Place an "X" in One Box Only)*
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

July 17, 2012
DATE

SIGNATURE OF ATTORNEY OF RECORD

BY FAX

1   GREGORY G. ISKANDER, Bar No. 200215
2   YASMEEN OMIDI, Bar No. 254962
    LITTLER MENDELSON
3   A Professional Corporation
    Treat Towers
    1255 Treat Boulevard, Suite 600
4   Walnut Creek, CA  94597
    Telephone:   925.932.2468
5   Facsimile:   925.946.9809
    E-mail:      giskander@littler.com
6

7   Attorneys for Defendant
    SIEMENS INDUSTRY, INC.
8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11  JULIE SU, California State Labor          Case No.
    Commissioner, Division of Labor
12  Standards Enforcement, Department of      (San Francisco County Superior Court Case No.
    Industrial Relations, State of California, on   CGC-12-521554)
13  behalf of the People of the State of
    California,                               NOTICE OF REMOVAL OF ACTION
14                                            PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446
                   Plaintiff,                 [Diversity Jurisdiction]
15
          v.
16                                            Complaint Filed: June 12, 2012
    SIEMENS INDUSTRY, INC., a Foreign
17  Corporation; and DOES 1 to 10, Inclusive,

18                 Defendants.

19

20

21

22

23      TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER

24  ATTORNEYS OF RECORD:

25      PLEASE TAKE NOTICE that Defendant Siemens Industry, Inc. ("Defendant") hereby

26  removes the above-entitled action from the Superior Court of the State of California, County of San

27  Francisco, to the United States District Court for the Northern District of California, pursuant to 28

28  U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek  CA  94597
925.932.2468

                                        1.          NOTICE OF REMOVAL OF ACTION
                                                        [Diversity Jurisdiction]

1

# I. STATEMENT OF JURISDICTION

2          1.     This Court has original jurisdiction over this action under the diversity of
3  citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts
4  original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of
5  $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth
6  below, this case meets all of the diversity statute's requirements for removal and is timely and
7  properly removed by the filing of this Notice.

8

# II. PLEADINGS, PROCESS, AND ORDERS

9          2.     On June 12, 2012, Plaintiff Julie Su, California State Labor Commissioner,
10 Division of Labor Standards Enforcement, Department of Industrial Relations, State of California
11 ("Plaintiff"), on behalf of Complainants Charles Anderson and Charles Pitschner ("Complainants")
12 filed a Complaint ("Complaint") against Defendant in the California Superior Court, for the County
13 of San Francisco, Case No. CGC-12-521554. The Complaint asserts a single cause of action for
14 violation of California Labor Code Section 6310.

15         3.     On June 18, 2012, Plaintiff served on Defendant: (1) the Summons and
16 Complaint, (2) Civil Case Cover Sheet, (3) Notice of Case Management Conference, and (4) ADR
17 Information Package. True and correct copies of these documents, including exhibits, are attached
18 hereto as Exhibit "A."

19         4.     Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process,
20 pleadings and orders served on Defendant or filed or received by Defendant in this action.

21

# III. TIMELINESS OF REMOVAL

22         5.     This Notice of Removal is timely filed as it is filed within thirty (30) days of
23 June 18, 2012, the date of service of the Summons and Complaint, and within one year from the
24 commencement of this action. *See* 28 U.S.C. § 1446(b).

25

# IV. DIVERSITY JURISDICTION

26         6.     The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant
27 part:

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

NOTICE OF REMOVAL OF ACTION
[Diversity Jurisdiction]

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity of Citizenship

7. Where a state agency brings forth a claim for the benefit of an individual, and the state agency is only a nominal party, the state agency is disregarded for purposes of determining diversity of citizenship. *DFEH v. Lucent Tech., Inc.*, 642 F.3d 729, 737-39 (9th Cir. 2011). The state agency is considered a nominal party when, as here, the relief it seeks does not inure to the agency alone. *Id.* In cases such as this, it is the Complainants' citizenship which is evaluated for determining diversity jurisdiction. *Id.*

8. To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Complainant Anderson is a citizen of the State of California and a citizen of the United States. (*See* Declaration of Janet Smith in Support of Defendant's Notice of Removal of Action ("Smith Decl."), ¶ 2.) Complainant Pitschner is a citizen of the State of Missouri and a citizen of the United States. (Smith, Decl., ¶ 2.) In addition, an individual is a citizen of any state where he or she is domiciled at the time the lawsuit is filed. *Kantor*, 704 F.2d at 1090; *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship). Complainant Anderson resides in the state of California. (Smith, Decl., ¶ 2.) Complainant Pitschner resides in the state of Missouri. (Smith, Decl., ¶ 2.) Further, a natural person's domicile is established, in part, by physical presence. *Lew v. Moss,* 797 F.2d 747, 749-50 (9th Cir. 1986).

1  Plaintiff's Complaint establishes that the Complainants had a physical presence in the State of

2  California. (*See* Complaint ¶¶ 2, 7 [alleging that the events complained of occurred at San Francisco

3  International Airport, San Mateo County, California].)

4          9.      For diversity jurisdiction purposes, a corporation is deemed a citizen of its

5  state of incorporation and the state where it has its principal place of business. 28 U.S.C. §

6  1332(c)(1). Here, Defendant is a citizen of the State of Delaware, where it is incorporated, and a

7  citizen of Georgia, where it has its principal place of business. (Smith Decl., ¶¶ 3-4.)

8         10.    The United States Supreme Court has held that, for purposes of removal, the

9  "nerve center" test should be applied to determine a corporation's principal place of business. *Hertz*

10  *Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010). Under the "nerve center" test, the principal place

11  of business is "where a corporation's officers direct, control, and coordinate the corporation's

12  activities." *Id.* at 1192. Defendant's corporate offices and headquarters, which house the company's

13  executive and administrative functions, are located in Alpharetta, Georgia. (Smith Decl., ¶ 4.) Thus,

14  Defendant's principal place of business is located in the State of Georgia, and Defendant is a citizen

15  of Georgia for diversity purposes.

16         11.    Defendant is not a citizen of the State of California, where this action is

17  currently pending, and thus there is complete diversity between the parties.

18         12.    The presence of Doe defendants in this case has no bearing on diversity with

19  respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

20  citizenship of defendants sued under fictitious names shall be disregarded").

21         **B. Amount in Controversy**

22         13.    Defendant only needs to show by a preponderance of the evidence (that it is

23  more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.

24  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can

25  reasonably ascertain from Plaintiff's Complaint and the prayer for relief that the amount in

26  controversy exceeds $75,000.

27         14.    Plaintiff seeks recovery of lost wages and benefits and injunctive relief.

28  (Complaint, ¶¶ 16, 18 and Prayer for Relief.) Plaintiff specifically alleges in the Complaint that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

NOTICE OF REMOVAL OF ACTION
[Diversity Jurisdiction]

1  "Complainants have suffered, and will continue to suffer, damages through loss of wages and

2  benefits in an amount in excess of $500,000." (Complaint, ¶¶ 18.) The Complaint specifically prays

3  for damages "in no event less than $500,000." (Complaint, Prayer for Relief, para 1.)

4          15.    Plaintiff alleges that Defendant employed Complainant Anderson at a rate of

5  $40.10 per hour, and Complainant Pitschner at a rate of $37.60 per hour. (Complaint, ¶ 7(a)-(b).)

6  Therefore, Complainants' annualized salaries at the time of their termination, not including benefits,

7  amounted to approximately $83,408 for Anderson, and $78,208 for Pitschner (hourly rate x 40 hours

8  per week x 52 weeks). Plaintiff alleges that Defendant terminated the Complainants on or about

9  March 12, 2010. (Complaint, ¶ 7.) Although Defendant denies Plaintiff is entitled to recover any

10  damages on behalf of the Complainants, assuming, *arguendo*, that Plaintiff was awarded back wages

11  for approximately three years (from the date of termination to the likely date of trial at least one year

12  from now), the amount of *back pay* in controversy in this case could total at least $484,848.

13          16.    Although Defendant does not concede Plaintiff's claims have any merit, when

14  the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims

15  clearly exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this

16  Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity

17  of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

18  <div align="center">

**V. VENUE**
</div>

19          17.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§

20  84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State

21  of California, County of San Francisco. Pursuant to Northern District Local Rule 3-2(d), the

22  appropriate assignment of this action is to either the San Francisco Division or Oakland Division of

23  this Court.

24  <div align="center">

**VI. NOTICE OF REMOVAL**
</div>

25          18.    Contemporaneously with the filing of this Notice of Removal in the United

26  States District Court for the Northern District of California, the undersigned is providing written

27  notice of such filing to Plaintiff's counsel of record, Michael L. Smith, Division of Labor Standards

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.

NOTICE OF REMOVAL OF ACTION
[Diversity Jurisdiction]

1   Enforcement. In addition, a copy of this Notice of Removal will be filed with the Clerk of the

2   Superior Court of the State of California, County of San Francisco.

3                       WHEREFORE, Defendant prays that the Court remove this civil action from the

4   Superior Court of the State of California, County of San Francisco, to the United States District

5   Court for the Northern District of California.

6

7   Dated: July 17, 2012

8                                                   Gregory G. Iskander
                                                    Yasmeen Omidi
9                                                   LITTLER MENDELSON
                                                    A Professional Corporation
10                                                  Attorneys for Defendant
                                                    SIEMENS INDUSTRY, INC.
11

12  Firmwide:113123810.1 070784.1005

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.                    NOTICE OF REMOVAL OF ACTION
                                                    [Diversity Jurisdiction]

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

MICHAEL L. SMITH, SBN 252726
DIVISION OF LABOR STANDARDS ENFORCEMENT
455 Golden Gate Avenue, 9th Floor

San Francisco, CA 94102
TELEPHONE NO.: (415) 703-4863 FAX NO.: (415) 703-4806
ATTORNEY FOR (Name): the Labor Commissioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 Mcallister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

**JUN 1 2 2012**

**CLERK OF THE COURT**
BY: **ROSSALY DE LA VEGA**
Deputy Clerk

CASE NAME: JULIE SU v. SIEMENS INDUSTRY, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-12-521554 |
|---|---|---|
| ☒ Unlimited ☐ Limited | ☐ Counter ☐ Joinder | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☒ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive

4. Number of causes of action (specify): One

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 6/11/12

MICHAEL L. SMITH
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** Legal Solutions ⚖ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court Case Matter
    Writ—Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** SIEMENS INDUSTRY, INC., a Foreign
*(AVISO AL DEMANDADO):* Corporation; and DOES 1-10,
Inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** JULIE SU, Califorina
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* State Labor Commis-
sioner, Division of Labor Standards Enforcement,
State of California, on behalf of the People of the
State of California

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):* **C G C - 1 2 - 5 2 1 5 5 4**

SUPERIOR COURT, COUNTY OF SAN FRANCISCO
400 Mcallister Street, Room 103

San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

MICHAEL L. SMITH, SBN 25272    Telephone: (415) 703-4863  (415) 703-4806
DIVISION OF LABOR STANDARDS ENFORCEMENT
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

DATE: JUN 12 2012    CLERK OF THE COURT Clerk, by ROSSALY DELAVEGA NAVARRO , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Siemens Industry, Inc., a Foreign corporation

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1



1 STATE OF CALIFORNIA
   Division of Labor Standards Enforcement
2 Department of Industrial Relations
   By:   MICHAEL L. SMITH, SBN 252726
3         455 Golden Gate Avenue, 9th Floor
         San Francisco CA 94102
4 Tel. (415) 703-4863
   Fax. (213) 703-4806
5 mlsmith@dir.ca.gov

6 Attorney for the Labor Commissioner

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11 JULIE SU, California State Labor          CASE NO. **CGC-12-521554**
   Commissioner, Division of Labor
12 Standards Enforcement, Department of       **Unlimited Civil Case**
   Industrial Relations, State of California, on
13 behalf of the People of the State of       **COMPLAINT FOR BACKPAY AND**
   California,                                **INJUNCTIVE RELIEF FOR VIOLATION**
14                                            **OF LABOR CODE SECTION 6310**
                Plaintiff,
15                                            **and**
         v.
16                                            **DEMAND FOR JURY TRIAL**
   SIEMENS INDUSTRY, INC., a Foreign
17 Corporation; and DOES 1 – 10, Inclusive,   (No fee per Labor Code § 101, *et seq.*)

18              Defendants.

19

20

21       Plaintiff complains of Defendants, and each of them, and alleges as follows:

22                              INTRODUCTION

23       STATE LABOR COMMISSIONER, JULIE SU (hereinafter "Plaintiff"), brings this case on

24 behalf of THE PEOPLE OF CALIFORNIA, and presents a claim for back wages, interest on back

25 wages and injunctive relief for Defendants' unlawful termination of Charles Anderson and Charles

26 Pitschner (collectively, "Complainants") in retaliation for engaging in activity that is protected under

27 Labor Code § 6310.

28       1.    Plaintiff, in her official capacity, is the California State Labor Commissioner, the

                    COMPLAINT and DEMAND FOR JURY TRIAL

1  head of the Division of Labor Standards Enforcement (hereinafter "DLSE"), Department of

2  Industrial Relations, State of California. As such she is authorized to bring this action pursuant to

3  Labor Code § 98.7, which allows her to recover certain damages and secure reinstatement on behalf

4  of Complainants.

5       2.     Plaintiff is informed and believes and thereon alleges that Defendant SIEMENS

6  INDUSTRY, INC. ("SIEMENS" or "Defendant") is a foreign corporation engaged in industries

7  including the construction industry. Plaintiff is informed and believes that, at all times mentioned

8  herein, Defendant was engaged in business operations located at San Francisco International Airport,

9  which is owned and operated by the City and County of San Francisco, and is located in the County

10  of San Mateo, in the State of California.

11      3.     Plaintiff is ignorant of the true names and capacities of DOES 1 through 10, inclusive,

12  and for that reason sues said Defendants by such fictitious names. Leave of Court will be requested

13  to amend this Complaint to show their true names and capacities when those have been ascertained.

14      4.     Plaintiff is informed and believes that, at all times mentioned herein, Defendants, and

15  each of them, were the agents of each of the remaining Defendants and, in doing the acts complained

16  of herein, were acting within the purpose and scope of said agency.

17      5.     Plaintiff is further informed and believes that each of the Defendants herein jointly

18  employed Complainants with the other Defendants herein, and/or were involved in a single

19  enterprise together such that each of the Defendants were or should be considered Complainants'

20  employers, and/or are successor employers.

21                          FIRST CAUSE OF ACTION
                           Violation of Labor Code § 6310
22                             (Against All Defendants)

23      6.     Plaintiff hereby incorporates by reference each and every allegation in paragraphs 1

24  through 5 above.

25      7.    a.     Prior to the commencement of this action, Defendants, and each of them,

26  employed Complainant Charles Anderson ("Anderson") as a foreman from on or about July 17,

27  2009, until his termination on or about March 12, 2010. At the time of his termination, Anderson

28  worked for Defendants at San Francisco International Airport, engaged in the installation of a

                                    2



1  baggage conveyor system. Anderson's final rate of pay was $40.10 per hour plus fringe benefits.

2             b.    Prior to the commencement of this action, Defendants, and each of them,

3  employed Complainant Charles Pitschner ("Pitschner") as a millwright from on or about September

4  28, 2009, until his termination on or about March 12, 2010. At the time of his termination, Pitschner

5  worked for Defendants at San Francisco International Airport, engaged in the installation of a

6  baggage conveyor system. Pitschner's final rate of pay was $37.60 per hour plus fringe benefits.

7             c.    From about August 2009 and during all relevant time periods thereafter,

8  SIEMENS' superintendent at San Francisco International Airport was Dave Slotta ("Slotta").

9  During all relevant time periods, Slotta had supervisory authority over SIEMENS' employees,

10 including Complainants Anderson and Pitschner, who were employed on a project to install a

11 baggage conveyor system.

12            d.    During all time periods relevant to this action, Defendant SIEMENS was a

13 subcontractor working underneath general contractor Turner Construction ("Turner") on its project

14 at San Francisco International Airport.

15       8.    On several occasions between July 2009 and March 12, 2010, Anderson made

16 complaints regarding unsafe workplace conditions to SIEMENS' managers and to Turner's Safety

17 Officers, Joel Kellogg ("Kellogg") and Jim Fitzgerald ("Fitzgerald").

18       9.    On several occasions between September 2009 and March 12, 2010, Pitschner made

19 complaints regarding workplace safety matters to SIEMENS' managers and to Turner's Safety

20 Officers, Kellogg and Fitzgerald.

21       10.    Complainants engaged in conduct protected under Labor Code § 6310 when they

22 reported safety complaints as alleged in paragraphs 8 and 9 hereinabove.

23       11.    Defendants, and each of them, had knowledge of Complainants' protected activity

24 under Labor Code § 6310 as alleged in paragraphs 8 and 9 hereinabove.

25       12.    On or about March 12, 2010, Defendants terminated the employment of

26 Complainants Anderson and Pitschner.

27       13.   a.    The termination of Complainants' employment by Defendants was the direct

28 result of Complainants' protected activities in reporting safety complaints. By such conduct,

<div align="center">3</div>

 

1   Defendants, and each of them, discriminated and retaliated against both Complainants because they

2   exercised the rights the law affords them. Defendants' discriminatory and retaliatory conduct

3   violated Labor Code § 6310.

4                b.      Anderson is the father of Pitschner. The termination of Pitschner's

5   employment by Defendants was also the direct result of Anderson's protected activities in reporting

6   safety complaints. By such conduct, Defendants, and each of them, discriminated and retaliated

7   against Pitschner because his father, Anderson, exercised the rights the law affords him.

8   Defendants' discriminatory and retaliatory conduct violated Labor Code § 6310.

9       14.    a.      On or about June 22, 2010, Complainant Anderson filed a timely complaint of

10   retaliation with the Labor Commissioner. This complaint of retaliation was filed pursuant to Labor

11   Code §§ 98.7 and 6312.

12                b.    On or about June 29, 2010, Complainant Pitschner filed a timely complaint of

13   retaliation with the Labor Commissioner. This complaint of retaliation was filed pursuant to Labor

14   Code §§ 98.7 and 6312.

15       15.    Plaintiff, by DLSE, conducted an investigation pursuant to its authority under Labor

16   Code § 98.7 regarding Complainant's allegation of retaliation and violation of Labor Code § 6310 by

17   Defendants. As a result of that investigation, the Director of Industrial Relations ("the Director")

18   determined, among other things, that Defendants had violated the provisions of Labor Code § 6310.

19   Pursuant to Labor Code § 98.7, the findings of the Director were adopted by the State Labor

20   Commissioner in Decisions issued March 29, 2012. A true and correct copy of the State Labor

21   Commissioner's Decision with regard to Anderson is attached hereto and incorporated by reference

22   as *Exhibit A*. A true and correct copy of the State Labor Commissioner's Decision with regard to

23   Pitschner is attached hereto and incorporated by reference as *Exhibit B*.

24       16.    Defendants have failed and refused, and continue to fail and refuse, to

25   unconditionally offer reinstatement to Complainants to their former positions or equivalent positions

26   without loss of pay and to restore all benefits Complainants would have earned during the period of

27   March 12, 2010, to the date of the unconditional offer of reinstatement; to cease and desist from the

28   violation as is required under Labor Code § 98.7; to comply with the Labor Commissioner's orders

4

1   to post a "Notice to Employees" at their place of business, for a period of 60 days, embodying the

2   remedies ordered by the Labor Commissioner for Defendants' unlawful discrimination and

3   retaliation and wrongful termination of Complainants' employment, and to comply with the Labor

4   Commissioner's orders to purge from its files any reference to Complainants' unlawful termination

5   or any other retaliatory discipline.

6       17.     As required under Labor Code § 98.7, Plaintiff served Defendants with the Labor

7   Commissioner's Decisions in this matter (*Exhibits A* and *B*). After those determinations became

8   final, Plaintiff sent demand letters setting forth the damages ordered by those final determinations.

9   Defendants' failure to comply with these findings caused Plaintiff to bring this action under the

10  authority vested in the Labor Commissioner's office by Labor Code § 98.7. Unless directed to act

11  by the Court, Defendants will continue to fail to pay Complainants back wages and will continue to

12  refuse to comply with the Labor Commissioner's findings.

13      18.     Due to Defendants' unlawful discrimination, retaliation and wrongful termination of

14  Complainants' employment, Complainants have suffered, and will continue to suffer, damages

15  through loss of wages and benefits in an amount in excess of $500,000.

16      19.     The above-captioned court is the proper venue for this action in that the employment

17  at issue herein, and the alleged unlawful retaliation, took place within the jurisdiction of this Court.

18          WHEREFORE, Plaintiff prays for judgment as follows:

19      1.      Judgment for wages and any lost benefits in an amount to be determined according to

20  proof at trial, but in no event less than $500,000, for the period from Complainants' termination on

21  or about March 12, 2010 until Defendants offer Complainants unconditional reinstatement, until

22  judgment is entered, or this matter is otherwise finally resolved;

23      2.      Interest on the lost wages described above;

24      3.      For an order directing Defendants to reinstate Complainants' employment to their

25  former or substantially equivalent positions, with all seniority, and benefits of their positions with

26  Defendants restored as if their terminations had never taken place;

27      4.      For an order directing Defendants to cease and desist from discriminating against

28  employees because they engage in protected activities pursuant to Labor Code § 6310;

5



1    5.    For an order directing Defendants to sign and post at Defendants' place of business

2  continuously, for a period of not less 60 days, the "Notices to Employees," as prepared by the Labor

3  Commissioner and which are attached hereto as *Exhibits C* and *D*, which embody the remedies

4  ordered by the Labor Commissioner as a result of Defendants' discrimination, retaliation and

5  wrongful termination of Complainants' employment;

6    6.    For an order directing Defendants to purge from their files any reference to the

7  Complainants' unlawful termination, by a date to be determined by the Court, and to notify Plaintiff

8  and Complainants, in writing, within three (3) days that this has been done and that the termination

9  will not be used against Complainants in any way;

10    7.    For costs of suit; and

11    8.    For any other and further relief as the Court may deem just and proper.

12  Dated: June // , 2012                    DIVISION OF LABOR STANDARDS
                                            ENFORCEMENT, Department of Industrial Relations,
13                                          State of California

14

15                                      By:

16                                          MICHAEL L. SMITH, Attorney for Plaintiff,
                                            the California State Labor Commissioner
17

18  **(N.B. When the State is plaintiff, the complaint need not be verified, but that the Answer
    thereto must be verified pursuant to C.C.P. section 446).**
19

20

21                          DEMAND FOR JURY TRIAL

22  Plaintiff Julie Su hereby demands a trial by jury on all claims.

23

24  Dated: June // , 2012                    DIVISION OF LABOR STANDARDS
                                            ENFORCEMENT, Department of Industrial Relations,
25                                          State of California

26

27                                      By:

28                                          MICHAEL L. SMITH, Attorney for Plaintiff,
                                            the California State Labor Commissioner

6

COMPLAINT and DEMAND FOR JURY TRIAL

**EXHIBIT A**



BEFORE THE DIRECTOR OF
THE DEPARTMENT OF INDUSTRIAL RELATIONS

In the Matter of the Complaint of:

**CHARLES ANDERSON**

                Complainant,

Against

**SIEMENS INDUSTRY, INC.**

             Respondent.

**Case No. 18598-SFRCI**

**DETERMINATION ON
APPEAL FROM DECISION
OF THE STATE LABOR
COMMISSIONER**

An appeal was received in this matter on or about October 12, 2011. The Director, having reviewed the appeal, the decision, the case file, and the papers and documents filed in the course of the investigation and otherwise in the record of this case, determines that the appeal does not present good reason to disturb the Decision with respect to the finding of cause. With respect to the remedy, the Director modifies the decision as follows:

Whereas Complainant was hired by Respondent to work on a specific construction project of finite duration, the term of Complainant's contract of employment with Respondent was similarly limited. Consequently, an order to reinstate Complainant for an indefinite term would not be appropriate in this instance. Likewise, Complainant's entitlement to back pay should be limited to that period of employment Complainant would have enjoyed had Complainant not been terminated in violation of Labor Code Section 6310. Therefore, the term of Complainant's reinstatement and commensurate back pay is limited to the period March 13, 2010 (the day following

1

Complainant's termination) to April 15, 2011 (the date of completion of the project),[1]

less interim earnings and wages and benefits already paid by Respondent for this.

Except as modified herein, the Labor Commissioner's Decision is upheld.

DATED: 3/29/2012

Christine Baker
*Director*

---

[1] The investigative file compiled by the Labor Commissioner indicates only that the project for which Complainant was hired ended in April of 2011. No more specific date is available and I am without authority to remand the matter for the purpose of re-opening the investigation. Evidence of the date that the project was completed could have been furnished by either party during the course of the investigation but no such evidence was forthcoming. Because there is no way of ascertaining, based on the record before me, whether the project was completed on April 1, April 30, or some date in between, I have chosen April 15 as a reasonable estimated date for the completion of the project, and thus as the outer limit for the award of back pay.

**EXHIBIT B**

BEFORE THE DIRECTOR OF
THE DEPARTMENT OF INDUSTRIAL RELATIONS

In the Matter of the Complaint of:

**CHARLES PITSCHNER**

                 Complainant,

Against

**SIEMENS INDUSTRY, INC.**

                 Respondent.

**Case No. 18620-SFRCI**

**DETERMINATION ON
APPEAL FROM DECISION
OF THE STATE LABOR
COMMISSIONER**

     An appeal was received in this matter on or about October 12, 2011. The Director, having reviewed the appeal, the decision, the case file, and the papers and documents filed in the course of the investigation and otherwise in the record of this case, determines that the appeal does not present good reason to disturb the Decision with respect to the finding of cause. With respect to the remedy, the Director modifies the decision as follows:

     Whereas Complainant was hired by Respondent to work on a specific construction project of finite duration, the term of Complainant's contract of employment with Respondent was similarly limited. Consequently, an order to reinstate Complainant for an indefinite term would not be appropriate in this instance. Likewise, Complainant's entitlement to back pay should be limited to that period of employment Complainant would have enjoyed had Complainant not been terminated in violation of Labor Code Section 6310. Therefore, the term of Complainant's reinstatement and commensurate back pay is limited to the period March 13, 2010 (the day following

Complainant's termination) to April 15, 2011 (the date of completion of the project),[1]

less interim earnings and wages and benefits already paid by Respondent for this

period of time.

Except as modified herein, the Labor Commissioner's Decision is upheld.

DATED: 3/29/2012

Christine Baker
*Director*

---

[1] The investigative file compiled by the Labor Commissioner indicates only that the project for which Complainant was hired ended in April of 2011. No more specific date is available and I am without authority to remand the matter for the purpose of re-opening the investigation. Evidence of the date that the project was completed could have been furnished by either party during the course of the investigation but no such evidence was forthcoming. Because there is no way of ascertaining, based on the record before me, whether the project was completed on April 1, April 30, or some date in between, I have chosen April 15 as a reasonable estimated date for the completion of the project, and thus as the outer limit for the award of back pay.

2

**EXHIBIT C**

## NOTICE TO EMPLOYEES
POSTED BY THE DECISION OF THE
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
STATE LABOR COMMISSIONER
AN AGENCY OF THE STATE OF CALIFORNIA

The State Labor Commissioner has found Siemens Industry, Inc., a Delaware Corporation, violated Labor Code section 6310 by terminating Charles "Bud" Anderson in retaliation for complaining to both his direct managers and the General Contractor, Turner Construction, about unsafe working conditions. The State Labor Commissioner has ordered us to post and abide by this notice.

Because you have these rights, we will, within ten (10) days from the date of service by the Labor Commissioner:

1.    Cease and desist immediately from discriminating against employees because they engage in protected activities pursuant to Labor Code section 6310.

2.    Offer to Charles "Bud" Anderson an immediate, full and unconditional reinstatement to his former position or a substantially equivalent position without prejudice to his seniority or other rights and privileges.

3.    Make Charles "Bud" Anderson whole for any loss of pay and other economic losses he may have suffered by reason of our retaliation against him. We will make payment to him in the sum of money equal to that which he normally would have earned as wages, from the date of the retaliation, March 12, 2010, to the date of our offer of unconditional reinstatement, less interim earnings during such period, plus interest.

4.    We will sign the "Notice to Employees" embodying the remedies ordered. After its translation into all appropriate languages, we will post signed copies of the Notice in all appropriate languages in conspicuous places on our property, including all places where notices to employees are usually posted. We will exercise due care to replace any signed copy or copies of the Notice, which may be altered, defaced, covered or removed. We will post and maintain the signed Notice for 60 consecutive days. If, during the pendency of these proceedings we have gone out of business or close the

1

facility involved in these proceedings, we shall duplicate and mail, at our own expense, a copy of the Notice to all current employees and former employees employed by us at any time since March 12, 2010.

5.  We will remove from our files any reference to Charles "Bud" Anderson unlawful termination, and within three (3) days, we will notify him in writing that this has been done and that the termination will not be used against him in any way.

6.  We will provide the assigned Deputy, Catherine Daly, a certification by a responsible official attesting to the steps that we have taken to comply with the Determination of the State Labor Commissioner.

SIGNATURE: _____ Date: _____

2

EXHIBIT D

## NOTICE TO EMPLOYEES
POSTED BY THE DECISION OF THE
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
STATE LABOR COMMISSIONER
AN AGENCY OF THE STATE OF CALIFORNIA

The State Labor Commissioner has found that Siemens Industries Inc., a Delaware Corporation, violated Labor Code section 6310 by terminating Charles "Chuck" Pitschner in retaliation for complaining to both his direct managers and the General Contractor, Turner Construction, about unsafe working conditions. The State Labor Commissioner has ordered us to post and abide by this notice.

Because you have these rights, we will, within ten (10) days from the date of service by the Labor Commissioner:

1.    Cease and desist immediately from discriminating against employees because they engage in protected activities pursuant to Labor Code section 6310.

2.    Offer to Charles "Chuck" Pitschner an immediate, full and unconditional reinstatement to his former position or a substantially equivalent position without prejudice to his seniority or other rights and privileges.

3.    Make Charles "Chuck" Pitschner whole for any loss of pay and other economic losses he may have suffered by reason of our retaliation against him. We will make payment to him in the sum of money equal to that which he normally would have earned as wages, from the date of the retaliation March 12, 2010, to the date of our offer of unconditional reinstatement, less interim earnings during such period, plus interest.

4.    We will sign the "Notice to Employees" embodying the remedies ordered. After its translation into all appropriate languages, we will post signed copies of the Notice in all appropriate languages in conspicuous places on our property, including all places where notices to employees are usually posted. We will exercise due care to replace any signed copy or copies of the Notice, which may be altered, defaced, covered or removed. We will post and maintain the signed Notice for 60 consecutive days. If, during the pendency of these proceedings we have gone out of business or close the

1

facility involved in these proceedings, we shall duplicate and mail, at our own expense, a copy of the Notice to all current employees and former employees employed by us at any time since March 12, 2010.

5. We will remove from our files any reference to Charles "Chuck" Pitschner unlawful termination, and within three (3) days, we will notify him in writing that this has been done and that the termination will not be used against him in any way.

6. We will provide the assigned Deputy, Catherine Daly, a certification by a responsible official attesting to the steps that we have taken to comply with the Determination of the State Labor Commissioner.

SIGNATURE: _____ Date: _____

2

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** NOV-14-2012

**TIME:** 2:00PM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

      1)    Judicial Arbitration
      2)    Mediation
      3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org.** Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

***Cost***

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

***Description***

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

***Operation***

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

*Cost*

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>**DEPARTMENT 610** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation** ☐ **Mediation Services of BASF** ☐ **Judicial Mediation**
☐ **Binding arbitration** Judge _____
☐ **Non-binding judicial arbitration** Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO.: *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*    ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE** <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days. *(specify number):*
   b. ☐ hours. (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. **Referral to judicial arbitration or civil action mediation** (if available).
   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶ _____

(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY)

▶ _____

(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
## County of San Francisco



HON. KATHERINE FEINSTEIN
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Linda Colfax
The Honorable Michael Begert
The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Patrick J. Mahoney

The Honorable James J. McBride
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss
The Honorable Charlotte W. Woolard

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

07/2011 (rw)