UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>        Plaintiff,<br><br>    v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>        Defendant. | Case No.  12-cv-03743-JST<br><br>**ORDER RE-SCHEDULING HEARING AND SETTING NEW BRIEFING SCHEDULE**<br><br>Re: ECF Nos. 24 & 35 |

California State Labor Commissioner Julie Su ("Commissioner Su") has brought a complaint on behalf of Complainants Charles Anderson and Charles Pitschner asserting that Defendant Siemens Industry, Inc. ("Siemens") violated California Labor Code Section 6310. ECF No. 1.

Mr. Anderson, proceeding *pro se*, filed an "Ex Parte Petition for an Order to Intervene as Party Plaintiff" on March 22. ECF No. 24. On April 5, Siemens requested that the Court find that Mr. Anderson's request for *ex parte* relief was improper, or in the alternative, permit a hearing on the petition. ECF No. 30, at 5:19-6:13. Siemens went on to argue that the Court should not permit Mr. Anderson the right to intervene. Id. at 6:14-11:4. Commissioner Su submitted a "Reply Memorandum" on April 12, in which she agreed that the petition should be set for hearing rather than decided *ex parte*, but went on to argue that Mr. Anderson should be granted the right to intervene. ECF No. 31. Mr. Anderson filed a "response" on April 12, "recogniz[ing] the ex parte application might have been made in error," and indicating that he would later file a noticed application. ECF No. 32. Mr. Anderson then filed a separate submission the same day entitled "Claimant Seeks an Order to Intervene as Party Plaintiff on a Permissive Basis in the Above

1   Entitled Case," and noticed a hearing date.[1]  ECF Nos. 35 & 36.  Siemens subsequently filed an

2   objection to Commissioner Su submitting a reply brief in support of Mr. Anderson's application to

3   intervene, since she was not the moving party.  ECF No. 40.

4         Needless to say, the docket requires some clarification.

5         The Court construes Mr. Anderson's submission at ECF No. 32 as withdrawing his

6   application for *ex parte* relief.  Such withdrawal was appropriately made within the time for filing

7   and serving a reply.  See Civil Local Rule 7-7(e).  The Clerk of Court shall TERMINATE the

8   motion currently assigned to ECF No. 24.

9         "A document filed *pro se* is 'to be liberally construed.'"  Erickson v. Pardus, 551 U.S. 89,

10  94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Therefore, the Court will

11  consider Mr. Anderson's April 12 submission at ECF No. 35 as a motion to intervene in this case,

12  which incorporates by reference arguments Mr. Anderson made in his March 22 submission.  The

13  Court hereby sets that motion for oral argument on Thursday, June 27, 2013, at 2:00 p.m. and

14  VACATES the hearing currently scheduled for May 30.

15        The Court construes Commissioner Su's April 20 submission as the equivalent of an

16  *amicus curiae* brief in support of Mr. Anderson's motion, which the Court hereby GRANTS

17  Commissioner Su leave to submit.  See Planned Parenthood of Columbia/Willamette, Inc. v. Am.

18  Coal. of Life Activists, 244 F.3d 1007, 1014, n. 6 (9th Cir. 2001) on reh'g en banc, 290 F.3d 1058

19  (9th Cir. 2002) (construing as a non-party's rejected motion to intervene as a request to participate

20  as an *amicus*).  The analogy is not an exact one, since Commissioner Su is a party to this case.

21  But the point is that while Commissioner Su may not be entitled to participate directly in

22  Mr. Anderson's motion, it is appropriate to permit her to express her views on the matter as long

23  as Siemens is also granted a right to respond.

24        Siemens provided arguments in opposition to intervention in its April 5 submission, but the

25  Court will provide an opportunity for Siemens to respond to all of the arguments made by

---

[1] Mr. Anderson noticed the hearing for June 30, a Sunday.  After consulting Mr. Anderson, the Clerk of Court determined that the June 30 date was an error, and re-set the hearing for May 30.  ECF No. 32.

United States District Court
Northern District of California

Mr. Anderson and Commissioner Su since that date. The Court hereby orders Siemens to file any opposition within fourteen days of the date of this order. Mr. Anderson (but not Commissioner Su) has the right to file any reply with seven days of the date Siemens' opposition is due. See Civil Local Rule 7-3(c).

The Court advises Mr. Anderson, as it generally does, that there is helpful information for *pro se* litigants on the Court's website at http://cand.uscourts.gov/proselitigants. Mr. Anderson may also make an appointment with the Bar Association of San Francisco's Legal Help Center by calling 415-782-9000, extension 8657.

**IT IS SO ORDERED**.

Dated: May 23, 2013

_____
JON S. TIGAR
United States District Judge