UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>               Plaintiff,<br><br>     v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>               Defendant. | Case No. 12-cv-03743-JST<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: ECF No. 35 |

## I.   INTRODUCTION

Charles Anderson has moved for permissive intervention in this case brought by California State Labor Commissioner Julie Su ("Commissioner Su") against Defendant Siemens Industry, Inc. ("Siemens").  The Court will grant the motion, subject to the conditions described herein.

## II.   BACKGROUND

### A.   Legal and Factual Background

California Labor Code Section 6310 prohibits employers from discharging or discriminating against employees for making complaints about workplace safety conditions. Under California Labor Code Section 98.7, the Labor Commissioner is empowered to bring a lawsuit on behalf of an unlawfully discharged employee.  That section also provides that "[i]n any action, the court may permit the claimant to intervene as a party plaintiff to the action."  Cal. Labor Code § 98.7(c).

Commissioner Su alleges that Complainants Charles Anderson and Charles Pitschner ("Complainants") filed timely complaints in June 2010 with her office, alleging that their employer Siemens fired them in March 2010 in retaliation for their engaging in activity protected by Section 6310.  Complaint for Backpay and Injunctive Relief for Violation of Labor Code

1 Section 6310 ("Complaint"), Exh. A to ECF No. 1, at ¶14. Through the state Division of Labor
2 Standards and Enforcement, Commissioner Su investigated Complainants' allegations, and in
3 March 2012 adopted the findings of the State Director of Industrial Relations that Siemens had
4 violated Section 6310. Id., at ¶ 15. Commissioner Su wrote to Siemens demanding that they
5 reinstate Complainants, restore their back pay and benefits with interest, and comply with various
6 other orders of the Commissioner intended to prevent future violations. Id., at ¶¶ 16-17. Siemens
7 has not complied with those demands, and denies that it discharged Complainants for reporting
8 safety issues. Id.; see also Defendant Siemens Industry, Inc.'s Opposition to Charles R.
9 Anderson's Motion to Intervene as Party Plaintiff ("Siemens Opp."). ECF No. 52, at 2:4-6.

### B. Procedural History

11 California State Labor Commissioner Julie Su ("Commissioner Su") brought this
12 complaint on June 12, 2012 in San Francisco Superior Court, bringing a single cause of action for
13 violation of Section 6310, and seeking back wages and interest on back wages on behalf of
14 Complainants, as well as injunctive relief. Complaint, at ¶¶ 1, 19. Siemens removed this case to
15 federal court in July 2012. Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441,
16 1446 ("Notice of Removal"), ECF No. 1.

17 Mr. Anderson, proceeding *pro se*, filed an "Ex Parte Petition for an Order to Intervene as
18 Party Plaintiff" ("First Anderson Motion") on March 22, 2013. ECF No. 24. On April 5, Siemens
19 requested that the Court find that Mr. Anderson's request for *ex parte* relief was improper, or in
20 the alternative, permit a hearing on the petition. ECF No. 30, at 5:19-6:13. Siemens went on to
21 argue that the Court should not grant Mr. Anderson leave to intervene. Id., at 6:14-11:4.
22 Commissioner Su submitted a "Reply Memorandum" ("Su Brief") on April 12, in which she
23 agreed that the petition should be set for hearing rather than decided *ex parte*, but went on to argue
24 that Mr. Anderson should be granted leave to intervene, either as of right or permissively. ECF
25 No. 31. Mr. Anderson filed a "response" on April 12, "recogniz[ing] the *ex parte* application
26 might have been made in error," and indicating that he would later file a noticed application. ECF
27 No. 32. Mr. Anderson filed a separate submission the same day entitled "Claimant Seeks an Order
28 to Intervene as Party Plaintiff on a Permissive Basis in the Above Entitled Case" ("Anderson

1  Motion"), ECF No. 35.  Siemens objected to Commissioner Su submitting a reply brief in support

2  of Mr. Anderson's application to intervene, since she was not the moving party.  ECF No. 40.

3        Bearing in mind its obligation to construe *pro se* submissions liberally, the Court construed

4  Mr. Anderson's submission at ECF No. 32 as withdrawing his application for *ex parte* relief, and

5  construed Mr. Anderson's April 12 submission at ECF No. 35 as a motion to intervene in this

6  case.  ECF No. 48.  The Court construed Commissioner Su's April 20 submission as the

7  equivalent of an *amicus curiae* brief in support of Mr. Anderson's motion.  Id.  The Court also

8  granted Siemens the right to file a new brief in opposition to Mr. Anderson's new motion, and

9  granted Mr. Anderson the right to reply.  Id.

10        Siemens filed its opposition on June 6.  Siemens Opp.  Mr. Anderson did not file a reply.

11  **B.**  **Jurisdiction**

12        Siemens asserts, and no party disputes, that Siemens is a citizen of Delaware, where it is

13  incorporated, and of Georgia, which is its principal place of business.  Notice of Removal, ¶¶ 8-9.

14  Since neither Commissioner Su nor the Complainants are citizens of those states, and since the

15  amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction over this action

16  pursuant to 28 U.S.C. § 1332.

17  **C.**  **Legal Standard**

18        Mr. Anderson's motion seeks intervention "on a permissive basis."  Anderson Motion, at

19  1:14-15.  "[T]he court may permit anyone to intervene who: (a) is given a conditional right to

20  intervene by a federal statute; or (b) has a claim or defense that shares with the main action a

21  common question of law or fact."  Fed. R. Civ. Pro. 24(b)(1).  "[P]ermissive intervention 'requires

22  (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law

23  and fact between the movant's claim or defense and the main action.'"  Freedom from Religion

24  Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (quoting Beckman Indus., Inc. v. Int'l

25  Ins. Co., 966 F.2d 470, 473 (9th Cir.1992).  "Even if an applicant satisfies those threshold

26  requirements, the district court has discretion to deny permissive intervention."  Donnelly v.

27  Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  "In exercising its discretion, the court must

28  consider whether the intervention will unduly delay or prejudice the adjudication of the original

3

1  parties' rights." Fed. R. Civ. Pro. 24(b)(3).

2  **II.  ANALYSIS**

3  In Mr. Anderson's first application, he said he wanted to file "an amended complaint to seek further causes of action to recover compensatory and punitive damages." First Anderson Motion, at ¶ 7. Commissioner Su argues that it would be proper to permit intervention for this purpose. See, e.g., Su Brief, at 4:7-20. Much of Siemens' opposition is devoted to arguing that Mr. Anderson is legally barred from bringing new claims. Siemens Opp., at 3:26-4:12; 5:24-6:1. But in his most recent submission, Mr. Anderson states explicitly that "I have the exact claim that shares the main action and common question of law or fact. I did not intend to or will not expand any other cause of action." Anderson Motion, at 4:5-8 (internal citation omitted). The Court therefore construes Mr. Anderson's present motion as seeking intervention for the limited purpose of protecting his own interests relative to the action already brought by Commissioner Su – wrongful termination in violation of Section 6310.

Siemens objects that Mr. Anderson's opposition fails to specifically "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought," as required by Rule 24(c). Siemens Opp., at 3:21-23. Courts, including the Ninth Circuit, have not specifically required that an actual pleading be submitted every time intervention is sought. "[W]here . . . the movant describes the basis for intervention with sufficient specificity to allow the district court to rule, its failure to submit a pleading" does not require denial. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992); see also United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 834 (8th Cir. 2009) (since the proposed intervenor provided "a statement of interest explaining why it seeks intervention and requesting the right to participate in settlement discussion," its submission "provides sufficient notice to the court and the parties of [the intervenor's] interest" to satisfy the requirements of Rule 24(c)). Here, Mr. Anderson has described his interest in this case sufficiently to provide notice to the Court and the parties.

The thrust of Mr. Anderson's motion is that he seeks to be able to participate directly in settlement negotiations over the claim Commissioner Su is bringing regarding his own

4

termination. Siemens flatly states that "this is not a proper basis for intervention," but without citation to authority. Siemens Opp., at 3:26. The Ninth Circuit has recognized that an intervenor can seek to intervene for the purpose of objecting to a settlement it deems contrary to its interests. See U.S. v. Carpenter, 298 F.3d 1122, 1125-26 (9th Cir. 2002) (holding that a district court abused its discretion in denying a motion to intervene under those circumstances). "The district court's discretion . . . under Rule 24(b), to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." Dep't of Fair Employment & Hous. v. Lucent Technologies, Inc., 642 F.3d 728, 741 (9th Cir. 2011) (quoting Van Hoomissen v. Xerox Corp., 497 F.2d 180, 181 (9th Cir.1974)). Permitting intervention for this purpose seems particularly appropriate when California law specifically contemplates that complainants may intervene in an action brought by the Labor Commissioner on their behalf. See Cal. Labor Code § 98.7(c).

Finally, Siemens suggests that intervention is unnecessary since Mr. Anderson has had an active voice in this litigation. Siemens states that Commissioner Su's counsel "has explicitly stated that while it had a right to settle the case on its own terms, it would not accept a settlement that was not approved by the Complainants." Siemens Opp., at 15-17. This is contradicted by Commissioner Su's submission to this Court: "Anderson [does not] have the right to control the actions of Plaintiff Su, who could prosecute or settle the case on different terms than Anderson believes is proper." Su Brief, at 4:18-21. In any case, if granting Mr. Anderson the right to intervene would have no practical effect on settlement negotiations, Siemens would seem to have little reason to object.

**A.    Independent Ground for Jurisdiction**

This Court would have jurisdiction over Mr. Anderson for the same reasons it has jurisdiction over actions between Commissioner Su and Siemens.

**B.    Common Question of Law and Fact**

In seeking to protect his own interests relative to an action arising out of his own allegedly unlawful termination, Mr. Anderson clearly has demonstrated a question of law and fact that is common to the present action. Particularly but not exclusively since California law provides a

5

1 specific right of intervention in cases brought pursuant to California Labor Code 98.7, the Court
2 finds that Mr. Anderson has a compelling interest in participating in this action.

### C. Timeliness

"In determining timeliness under Rule 24(b)(2), we consider . . . the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997). "In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right." Id.

Even viewed strictly, the Court sees no grounds for denying Mr. Anderson's motion as untimely. Although discovery has begun, the case was only filed a year ago and the Court has not yet set a trial date. Siemens cites no prejudice beyond the possibility of having to engage in "additional discovery and motions." Siemens Opp., at 5:25. It is difficult to see what the "additional discovery" would be, since the intervenor's claims are the same as the plaintiff's. Other than Mr. Anderson's request to intervene, there have been no motions and no "substantive rulings." The risk of prejudice is *de minimis*, and the stage of the case weighs in favor of a timeliness finding. Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996).

It is true that the reasons for Mr. Anderson's delay in bringing his motion are unclear. He apparently first attempted to seek Commissioner Su's commitment that she would not withdraw from the case because of his intervention, which occurred in January 2013. Declaration in Support of Charles R. Anderson's Application for a Hearing and Order with Notice to Intervene as Party Plaintiff in the Above Entitled Case, ECF No. 37, at ¶¶ 6-7, and Exh. A. He also appears to have finally concluded that his interests diverged from Commissioner Su's only in March 2013. Id. But even if this excuse is less than compelling, "[m]ere lapse of time alone is not determinative." United States v. State of Or., 745 F.2d 550, 552 (9th Cir. 1984). Considering all of the circumstances, including Mr. Anderson's compelling interest in intervention, the relatively early stage of the trial, the lack of prejudice, and the relatively short period of delay, the Court finds that intervention is permissible.

### III. CONCLUSION

6

Mr. Anderson's motion to intervene on a permissive basis is GRANTED. Mr. Anderson may intervene in this case for the limited purpose of protecting his own interests relative to Commissioner Su's action for termination in violation of California Labor Code Section 6310.

**IT IS SO ORDERED**.

Dated: July 10, 2013

```
_____
           JON S. TIGAR
     United States District Judge
```