UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>        Plaintiff,<br><br>    v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>        Defendant. | Case No. 12-cv-03743-JST<br><br>**ORDER CONTINUING TRIAL DATE AND PRETRIAL CONFERENCE DATE; SETTING HEARING AND BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR LEAVE TO APPEAL; DENYING AS MOOT PLAINTIFF'S MOTION FOR AN ORDER SHORTENING TIME**<br><br>Re: ECF No. 124 |

      Plaintiff, State Labor Commissioner Julie Su, has filed a motion to certify two questions of law, decided in the Court's May 12 summary judgment order, for permissive interlocutory appeal pursuant to 28 U.SC. § 1291(b). ECF No. 124. The pretrial conference in this action is set for tomorrow, May 22, and the trial is scheduled to begin June 2, which would not allow for enough time to hear and brief the motion for interlocutory appeal on Civil Local Rule 7-2(a)'s normal 35-day schedule. Therefore, Plaintiff has also moved for an order shortening the time to brief and hear the motion for interlocutory appeal. ECF No. 124.

      The Court does not ordinarily continue trial dates except in extraordinary circumstances. In this case, however, a continuance appears to be appropriate, for at least the following reasons:

- Plaintiff acted diligently in bringing this motion for interlocutory appeal promptly after the Court's summary judgment order, particularly given that Plaintiff represents a government agency that requires multiple approvals to make a litigation decision of this magnitude.
- The Court has no reason to suspect that Plaintiff sought interlocutory appeal for the purpose of delay, since Plaintiff previously sought the earliest possible trial date, and

opposed Defendant's proposal to move the trial date to August 2014 when Defendant's counsel had a (subsequently resolved) trial conflict in June. <u>See</u> ECF Nos. 67-73.

- It would be unfair to Defendant Siemens Industry, Inc. ("Defendant") to oppose the motion for interlocutory appeal on an extremely shortened time window, especially while preparing for trial at the same time.
- The Court requires sufficient time to review and consider the motion for interlocutory Appeal and any opposition thereto.
- If the Court certifies any of the questions of law for interlocutory appeal, the Court is likely to continue the trial date or stay this action while the appeal is pending. Therefore, the significant amount of time and costs the parties and the Court would expend preparing for trial in June would end up being unnecessary if the motion were granted.
- While the Court cannot yet know whether Plaintiff's motion for interlocutory appeal should be granted, it is clear that her grounds for seeking interlocutory appeal are not frivolous.

Therefore, the Court *sua sponte* continues the pretrial conference in this action to November 21, 2014, at 2:00 p.m., and continues the trial in this action to December 1, 2014.[1] If the Court does not stay this action or vacate the trial dates after ruling on the motion for interlocutory appeal, an updated joint pretrial statement is due November 7, 2014. The updated statement will inform the Court which motions in limine and other issues do, and do not, remain at issue between the parties.

The Court sets the following hearing and briefing deadlines for Plaintiff's Motion for Leave to Bring an Interlocutory Appeal:

- Defendant's opposition brief is due June 2, 2014.
- Plaintiff's reply brief is due June 9, 2014.
- The hearing on the motion is SET for June 19, 2014 at 2:00 P.M.

---

[1] That is the first reasonably open trial date after the hearing on Plaintiff's Motion for Leave that allows for an uninterrupted jury trial of at least two weeks.

1  The pretrial conference will take place in the Ronald V. Dellums Federal Building, 1301
2  Clay Street, Oakland.  All other trial dates, hearings and conferences will take place in Courtoom
3  9, 450 Golden Gate, 19th Floor, San Francisco, unless the Court subsequently notifies the parties
4  otherwise.

Plaintiff's Motion for an Order Shortening Time is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  May 21, 2014



JON S. TIGAR
United States District Judge