UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>        Plaintiff,<br><br>    v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>        Defendant. | Case No.  12-cv-03743-JST<br><br>**ORDER GRANTING MOTION AND APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL; GRANTING MOTION FOR STAY OF TRIAL COURT PROCEEDINGS**<br><br>Re: ECF No. 124 |

## I.   INTRODUCTION

Plaintiff, California State Labor Commissioner Julie Su ("Plaintiff"), has moved pursuant to 28 U.S.C. §1292(b) to seek interlocutory appeal of two legal issues this court decided in its May 12, 2014 summary judgment order.  Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7-1(b), the Court finds that the parties' briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument.  The hearing on the motion, noticed for June 19, 2014, is hereby VACATED.

## II.   BACKGROUND

### A.   Procedural and Factual Background

Plaintiff brings a single cause of action under California Labor Code Section 6310 ("Section 6310"), which prohibits employers from retaliating against employees for making certain protected job-related safety complaints.  Complaint for Backpay and Injunctive Relief for Violation of Labor Code Section 6310 ("Complaint"), Exh. A to Notice of Removal, ECF No. 1.  Plaintiff alleges that Defendant Siemens Industry, Inc. ("Defendant") violated Section 6310 in terminating Complainants Charles Anderson and Charles Pitschner ("Complainants") from their positions on a crew installing a baggage conveyor system at San Francisco International Airport.

Id. Complainant Anderson is also an intervenor in this action. See Order Granting Motion to Intervene, 2013 WL 3477202, 2013 U.S. Dist. LEXIS 96505, (ECF No. 35).

The parties brought cross-motions for summary judgment on various legal issues, which the court decided on May 12, 2014. Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying Plaintiff's Motion for Partial Summary Judgment ("Summary Judgment Order"), 2014 WL 1894315, 2014 U.S. Dist. LEXIS 65184 (ECF No. 102). In that order, the court decided two legal issues in Defendant's favor:

1. The court granted judgment to Defendant "as to all claims in this action relating to complaints made to Turner Construction," since Turner was not Complainants' employer. Summary Judgment Order 6:19-13:11, 2014 WL 1894315, at *4-*8, 2014 U.S. Dist. LEXIS 65184, at 11-24.

2. Applying Reeves v. Safeway Stores, 121 Cal.App.4th 95, 108 (2004), the court held that to prevail on a Section 6310 claim, Plaintiff must show that "retaliatory animus . . . [was] a but-for cause of the employer's adverse action." Summary Judgment Order 13:13-28, 2014 WL 1894315, at *8 and *8, n.7, 2014 U.S. Dist. LEXIS 65184, at 24-25 and 25, n.7.

Plaintiff then filed the present motion to seek interlocutory appeal of those two legal conclusions. Other aspects of the case are described in the Summary Judgment Order. Id. 1-4, 2014 WL 1894315, at *1-*2, 2014 U.S. Dist. LEXIS 65184, at 1-7.

**C.     Legal Standard**

The final judgement rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States. 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such

order." Id. "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

### D. Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), since Complainants' state citizenships are diverse from Defendant's, and the amount in controversy exceeds $75,000. See Notice of Removal ¶¶7-16, ECF No. 1.

## III. ANALYSIS

The court addresses each of the required findings in order.

### A. Controlling Question of Law

Both of the issues decided are purely questions of law. The only question is whether they are "controlling."

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981) aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983) and cause dismissed sub nom. Arizona v. U.S. Dist. Court for the Dist. of Arizona, 459 U.S. 961 (1982). However, "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id. at 1026. "A steadily growing number of decisions" have found "that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) (citing cases).

Here, both legal determinations are likely to signifcantly affect the outcome of the litigation. One complainant, Anderson, bases most of his allegations on complaints that were made to Turner Construction, and so the court's ruling is controlling over much of the legal dispute between the parties. As for the standard of proof, the difference between proving retaliation under a "sunstantial factor" standard as opposed to "but-for" is very significant, and

leaving the legal issue unresolved will leave a cloud over practically any judgment rendered for Defendant in this action.

The court also notes that the questions decided are of substantial public policy importance to the state as a whole, and that Plaintiff is well situated to seek clarity from the appellate court on the questions presented.

### B. Substantial Ground for a Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Plaintiff argues, and Defendant does not even dispute, that reasonable jurists could disagree on the standard of causation for a Section 6310 action. For reasons explained in the Summary Judgment Order, the court does not read Harris v. City of Santa Monica, 56 Cal. 4th 203, 232 (2013), a FEHA discrimination case, as overruling Reeves, which established that but-for causation is the standard in Section 6310 retaliation cases. See also Cuevas v. Sky West Airlines, No. 12-cv-05916-CRB, __ F.Supp.2d __, 2014 WL 595938, at *6 (N.D. Cal. Feb. 14, 2014) (applying Reeves' but-for test, after Harris was decided, in a Section 6310 action). But one California Court of Appeal, and CACI, have applied Harris outside the context of discrimination claims (albeit not specifically to Section 6310 claims). See Mendoza v. Western Medical Center Santa Ana, 222 Cal.App 4th 1334, 1341 (2014) (citing Judicial Council Of California Civil Jury Instruction 2430 (wrongful discharge in violation of public policy)).

Reasonable jurists could disagree with the court's conclusion that a worker does not engage in "protected activity" under Section 6310 when he or she makes complaints to a general

contractor that is not the worker's employer. As explained in the Summary Judgment Order, the court concludes that the plain meaning of Section 6310 does not permit such an interpretation. But while no court has yet found to the contrary, some courts have adopted a view that allows a complainant to recover for actions that fall outside the plain meaning of the statutory text. See, e.g., Lujan v. Minagar, 124 Cal. App. 4th 1041, 1044-46 (2004) (section 6310 protects employee from retaliation even though her actions did not meet the statute's "literal terms"). Reasonable jurists might disagree about whether Complainants' actions fall within an area outside the statute's literal terms that California law nonetheless protects.

Both legal determinations are on unsettled or disputable areas of California law, and there are substantial grounds for a difference of opinion.

### C. Material Advancement of the Litigation

"[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese, 643 F.3d at 688.

"Ideally, § 1292(b) could be used to allow interlocutory appeals whenever the district court and court of appeals agree that immediate review is a good gamble." Wright & Miller § 3930. Here, the potential benefits to resolving the disputed legal questions now outweigh the potential benefits of proceeding to trial now and allowing appeal later. It is possible that a jury could find for Plaintiff, mooting the need to resolve the dispute over the proper causation standard. But it is also possible that even a judgment for Plaintiff would be impacted by the court's ruling on the scope of "protected activity," since many actions Complainant Anderson seeks to challenge would be cut out of the case. On the other hand, practically any judgment Defendant might achieve would be subject to reversal if either of the two issues have been decided incorrectly.

Interlocutory appeal of these issues would materially advance the litigation.

### IV. CONCLUSION

The court recognizes that interlocutory appeals are and must be the exception rather than the rule. But in this case, given that the court's legal determinations are on unsettled and disputable areas of California law, that both determinations materially affect the litigation, and that

5

the issues decided are of substantial public policy interest, interlocutory appeal is appropriate.

The court therefore GRANTS Plaintiff's motion to seek interlocutory appeal of the two legal issues identified *supra*. The court also GRANTS Plaintiff's request for a stay of trial court proceedings, except for the pending motion discussed *infra*.

Plaintiff has filed a motion for reconsideration and clarification of two other legal issues decided in the Summary Judgment Order, and she has indicated she is likely to seek interlocutory appeal of those issues as well. Therefore, in the interest of judicial economy, the court *sua sponte* STAYS the effect of this order until 21 days after the court has issued a ruling on Plaintiff's currently pending motion for reconsideration and clarification. During the 21-day period following the court's order on the motion for reconsideration and clarification, Plaintiff has leave to file a further request to seek interlocutory appeal, and to request that this stay be further extended.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
JON S. TIGAR
United States District Judge