1

2

3

4                                      UNITED STATES DISTRICT COURT

5                                    NORTHERN DISTRICT OF CALIFORNIA

6

7    JULIE SU,                                          Case No.  12-cv-03743-JST

                        Plaintiff,
8
                                                        ORDER REGARDING
9           v.                                          ASSOCIATIONAL RETALIATION AND
                                                        FRINGE BENEFITS
10   SIEMENS INDUSTRY, INC.,
                                                        Re: ECF No. 129
                        Defendant.
11

12   **I.      Background**

13          In this suit, Plaintiff and California State Labor Commissioner Julie Su ("Plaintiff") brings

14   a single cause of action under section 6310 of the California Labor Code ("Section 6310").

15   Plaintiff alleges that Defendant Siemens Industry, Inc. ("Defendant") violated Section 6310 by

16   unlawfully retaliating against two of its employees – Complainant and Intervenor Charles

17   Anderson, and Anderson's son, Complainant Charles Pitschner – for engaging in activity

18   protected by Section 6310.

19          Section 6310 creates a specific statutory prohibition against retaliatory dismissal that

20   complements, but does not supplant, California's common-law tort of retaliatory dismissal.

21   Hentzel v. Singer Co., 138 Cal. App. 3d 290, 300-04 (1982) (Grodin, J.).  In this action, Plaintiff

22   brings only the statutory claim.

23          The court previously issued an order in response to cross-motions for summary judgment

24   filed by Plaintiff and by Defendant.  Order Granting in Part and Denying in Part Defendant's

25   Motion for Summary Judgment; Denying Plaintiff's Motion for Partial Summary Judgment ("SJ

26   Order"), 2014 WL 1894315 (ECF No. 102).  The court re-adopts its statement of the facts,

27   procedural history, and jurisdiction, from that order.  Id. 1-5, 2014 WL 1894315, at *1-5.  In

28   response to Plaintiff's motion at ECF No. 129, the court hereby orders as follows, and

United States District Court
Northern District of California

incorporates this analysis into its summary judgment order.

## II.     Associational Retaliation

In its summary judgment motion, Defendant Siemens Industry, Inc. ("Defendant") stated that "[g]iven Pitschner's deposition testimony wherein he states that he believes he lost his job because of what his father did, Plaintiff appears to argue that Pitschner is the victim of 'associational' retaliation." Defendant's Motion for Summary Judgment ("MSJ") 17 (ECF No. 83). Defendant moved for summary judgment "as to Pitschner," on the grounds that, *inter alia*, Section 6310 "does not provide a cause of action for associational retaliation." Id.[1] The court did not address that argument because it appeared from the papers that the question was mooted by the court's holding that the safety complaints Anderson made to Turner Construction were not protected activity under Section 6310. SJ Order 7-13, 2014 WL 1894315, at *4-8.

But as Plaintiff correctly points out, there is evidence that Anderson made complaints to Siemens directly, which the court discussed and found sufficient to create a triable issue of fact that his firing was retaliatory. SJ Order 15-18, 2014 WL 1894315, at *9-11. Accordingly, the court must address the question of whether Plaintiff can assert a claim for "associational" retaliation.

Section 6310 states that "no person shall . . . discriminate against any employee because *the employee* has" engaged in protected activity. Cal. Labor Code § 6310(a) (emphasis added). It goes on to give a cause of action to "[a]ny employee who is . . . discriminated against . . . because *the employee* has" engaged in protected activity. Cal. Labor Code § 6310(b) (emphasis added). In its summary judgment motion, Defendant argued that, under the plain meaning of this text, the statute only prohibits employers from discriminating against an employee who engaged in protected activity, and it does not cover Pitschner's claim that he was discriminated against because *his father* engaged in protected activity.

---

[1] In response to Intervenor Anderson's contention that "Plaintiff JULIE SU should have filed for summary judgment on the fact that Defendant cannot affirmatively offer a defense," ECF No. 145, the court notes that "inherent in Rule 56 is authority of the District Court to grant partial summary judgment, i.e., on a particular claim or a particular affirmative defense." Boston Scientific Corp. v. Cordis Corp., 422 F. Supp. 2d 1102, 1106 (N.D. Cal. 2006).

United States District Court
Northern District of California

United States District Court
Northern District of California

In response, Plaintiff did not dispute that this "associational" retaliation claim falls outside the text of the statute.  Instead, Plaintiff argued that Section 6310 "applies even in situations not covered by its literal language."  Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opp.") 14 (ECF No. 87).  Plaintiff cites several cases for the proposition that Section 6310 is liberally construed to include situations outside of its literal scope.  Id. 13-15.  But in all but one of these cases, the "liberal construction" of Section 6310 was still within the plain meaning of the statutory text.

In Cabesuela v. Browning-Ferris Indus. of California, Inc., 68 Cal. App. 4th 101, 109 (1998), the court held that, "an employee must be protected against discharge for a good faith complaint about working conditions which he believes to be unsafe," even if the working conditions actually turn out to be safe.  This does not conflict with the text of the statute, which requires that the complainant make a "bona fide oral or written complaint," and nowhere requires that the complaint ultimately be vindicated. [2]  Cal. Labor Code § 6310(b); see also Hentzel, 138 Cal. App. 3d at 299 ("Hentzel's allegations bring him within the scope of protection of section 6310" because he complained to his employer "in good faith about working conditions or practices which he reasonably believe[d] to be unsafe").  Daly v. Exxon Corp., 55 Cal. App. 4th 39, 44 (1997) held that Section 6310 prohibits an employer from retaliating against an employee by refusing to renew her contract, but the court specifically noted that "[t]he word 'discriminated,' in section 6310, subdivision (b), is broad enough to apply to an employer's decision not to renew a fixed-term employment contract."  And in Skillsky v. Lucky Stores, Inc., 893 F.2d 1088, 1094 (9th Cir. 1990), the court held that an employer violated Section 6310 by firing an employee for having made complaints to a previous employer.  The Ninth Circuit reached that conclusion after consulting the statute's text and noting that "section 6310(a) . . . does not limit legal actions to only those employers against whom complaints are filed."  Id.  Lucky Stores violated Section 6310's express terms since it discriminated against an employee because the employee had made protected safety complainants to her then-employer.

---

[2] See Merriam-Webster's Collegiate Dictionary (11th ed.) 140 ("'bona fide': 1: made in good faith without fraud or deceit . . . 2: made with earnest intent").

United States District Court
Northern District of California

1    The only case Plaintiff cites that extended Section 6310 past its express terms is <u>Lujan v.</u>

2    <u>Minagar</u>, 124 Cal. App. 4th 1040, 1045-46 (2004).  <u>Lujan</u> held "that section 6310 applies to

3    employers who retaliate against employees whom they *believe intend to file* workplace safety

4    complaints."  <u>Id.</u> at 1046 (emphasis added).  Strictly speaking, this holding slightly expanded the

5    scope of Section 6310, which creates a cause of action only when an employee "has made" a

6    protected safety complaint.  From only this one decision, this federal district court sitting in

7    diversity is reluctant to extend a California statute further than its express terms to cover actions

8    not prohibited by the text.  This is especially the case because <u>Lujan</u> expressly declined to reach

9    the question of whether Section 6310 prohibited the employer from firing an employee because

10   the employee was friends with the employee the employer feared would file safety complaints.  <u>Id.</u>

11   at 1045, n. 5.[3]

12       Plaintiff points the court to authority interpreting other employment statutes to include

13   associational retaliation claims.  Opp. 16 (citing <u>Thompson v. North American Stainless, LP</u>, __

14   U.S. __, 131 S. Ct. 863 (2011) (analyzing Title VII); <u>Morgan v. Napolitano</u>, __ F. Supp. 2d __,

15   No. Civ S-12-1287 LKK/DAD, 2013 WL 6782845 (E.D. Cal., Dec. 19, 2013) (analyzing the

16   Americans with Disabilities Act and the Age Discrimination in Employment Act).  But both

17   holdings were explicitly "based in significant part on the text of the statute," and the text of the

18   statutes is not the same.  <u>Morgan</u>, 2013 WL 6782845, *15.

19       Title VII gives a cause of action to "the person claiming to be aggrieved."  42 U.S.C.

20   § 2000e-5(f)(1).  In <u>Thompson</u>, the Supreme Court held that this language encompasses

21   individuals other than the complaining employee, and specifically gives a cause of action to others

22   who are harmed by the employer's retaliatory conduct.  <u>Morgan</u> held likewise after concluding

23   _____

24   [3] Plaintiff does note that the California Court of Appeal has also extended a *different* employment
     statute, the California Fair Employment and Housing Act ("FEHA"), beyond its literal terms in the

25   same manner.  Applying <u>Lujan</u>, the Court of Appeal held "that FEHA protects employees against
     preemptive retaliation by the employer," <u>Steele v. Youthful Offender Parole Bd.</u>, 162 Cal. App.

26   4th 1241, 1255 (2008) (Cantil-Sakauye, J.), notwithstanding the fact that the text of the statute
     only protects an employee who "has filed a complaint."  Cal. Gov't Code § 12940(h).  This

27   authority supports Plaintiff's contention that California courts interpret California's statutory
     employment protections liberally.  But this case only continues in the same of vein of <u>Lujan</u> by

28   prohibiting preemptive retaliation, and at any rate, it does not involve Section 6310.

that "[t]he anti-retaliation provisions of the ADA and ADEA are similarly worded to that of Title VII." 2013 WL 6782845, *15.[4]  As applied to this case, if Defendant discriminated against *Anderson* by firing his son Pitschner in retaliation for Anderson's protected activity, then Pitschner could have a cause of action under Title VII, since he is a person aggrieved by Defendant's action.

The employer in <u>Thompson</u> argued that the term "person aggrieved" meant only the person who is actually discriminated against for making complaints.  The Court rejected that argument, concluding that "[i]f that is what Congress intended it would more naturally have said 'person claiming to have been discriminated against' rather than 'person claiming to be aggrieved.'"  131 S.Ct. at 870.  And in Section 6310, that is, more or less, what the California Legislature has said. Section 6310 gives a cause of action only to "[a]ny employee who is . . . discriminated against . . . because *the employee* has" engaged in protected activity.  Cal. Labor Code § 6310(b) (emphasis added).

For these reasons, unlike the text of Title VII, the plain language of Section 6310 cannot be read to give a cause of action to either Complainant on the theory that Defendant fired one Complainant to retaliate against the other Complainant's protected activity.

### III.    Fringe Benefits

In pursuing a Section 6310 complaint, the Labor Commissioner may seek "[a]ppropriate

---

[4] With regard to the ADA, the court agrees.  The ADA, like Title VII, provides that remedies "shall be available to aggrieved persons."  42 U.S.C. § 12203(c).  However, as Plaintiff correctly points out, the ADEA lacks this "aggrieved persons" language.  To the extent the <u>Morgan</u> held that the ADEA's right of action provision is similarly worded to Title VII's right of action provision, this court declines to follow it.  But the <u>Morgan</u> court's analysis of this issue was very short, and it is not clear that the scope of the right of action provision was even at issue in the case.  <u>See Morgan</u>, 2013 WL 6782845, at *15.  The <u>Morgan</u> court did not apply <u>Thompson</u>'s analysis of the statute's right of action provision.  It applied <u>Thompson</u>'s analysis of whether the statute's *substantive* provision is broad enough to include third-party retaliation claims, applying the Court's earlier holding in <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 62 (2006).  <u>See Burlington</u>, 548 U.S. at 62, 67 (the text of Title VII's antiretaliation provision, unlike the text of the antidiscrimination provision, "does not limit its scope to actions that affect employment or alter the conditions of the workplace" and therefore "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm").  <u>Morgan</u> is best read as concluding only that the ADA's substantive antiretaliation provision is similar enough to Title VII's to warrant the application of <u>Burlington</u>'s holding.

United States District Court
Northern District of California

relief," which "includes, but is not limited to, rehiring or reinstatement of the complainant, reimbursement of lost wages and interest thereon, and any other compensation or equitable relief as is appropriate under the circumstances of the case."  Cal. Labor Code § 98.7(c); see also Cal. Labor Code § 6312.

In its summary judgment motion, Defendant sought a judgment that Plaintiff cannot "seek . . . fringe benefit fund contributions that Siemens paid into the Local 102 health and welfare trust fund."  MSJ 19.  Defendant relied primarily on Galindo v. Stoody, 793 F.2d 1502, 1516-17 (9th Cir. 1986) and EEOC v. Farmer Bros Co. ("Farmer Bros."), 31 F.3d 891, 902 (9th Cir. 1994) for the proposition that "an employee's recovery for fringe benefits is limited to compensation for benefits the employee actually purchased or out-of-pocket medical expenses actually incurred."  MSJ 20.

The court indicated that it would follow Farmer Bros.  SJ Order 23-24, 2014 WL 1894315, at *15.[5]  The court went on "to preclude from any award fringe benefits that Complainants would not have actually received, and did not replace or otherwise pay out of pocket."  Id.  Plaintiff now points out that both Farmer Bros. and Galindo limited their holdings specifically to health and life insurance benefits, and actually confirmed that other fringe benefits awards are permissible. Plaintiff seeks clarification that the court's order does not apply beyond health and life insurance benefits, and allows Plaintiff to recover vacation wages, pension and annuity benefits.  Defendant maintains that the court properly applied Farmer Bros. and Galindo to preclude all such benefits unless the Complainants replaced them or suffered out-of-pocket losses from the deprivation.

The court has obtained a copy of the findings of fact and conclusions of law the district court reached in Farmer Bros., No. 88-1075-TJH(Gx) (C.D. Cal. March 10, 1992) (attached as

---

[5] The court stated that it "was bound by the Ninth Circuit's ruling."  SJ Order 24.  It would have been more accurate to note that "[a]lthough a circuit court's prediction of state law is not binding in the same way as is its definitive interpretation of federal law, as a practical matter a circuit court's interpretations of state law must be accorded great deference by district courts within the circuit."  Johnson v. Symantec Corp., 58 F. Supp. 2d 1107, 1111 (N.D. Cal. 1999) (Fogel, J.).  In any event, with no clearer direct guidance from the California Supreme Court, the court will follow Farmer Bros. as far as it goes, whether or not it is bound to do so.

United States District Court
Northern District of California

Exhibit A).[6]  The district court found:

> 1.     Estrada is entitled to receive back pay and benefits which will place her in the economic position she would have held had her career been free from the impact of Farmer Bros.'s unlawful discrimination.

> 2.     Estrada is entitled to receive a back pay award which includes all anticipated wage increases and fringe benefits which would have been paid to her had she remained in her job with Farmer Bros.

> 3.     It is appropriate to calculate Estrada's back pay award by using the wage rates set forth in pertinent collective bargaining agreements as supplemented by the cost-of-living increases given by the company pursuant to those agreements and the amounts Farmer Bros. paid monthly under the pertinent collective bargaining agreements for each employee to provide fringe benefits, such as medical, dental, vision, prescriptions, death and pension benefits, and paid vacation days, holidays and sick leave.  She is also entitled to receive "probable" or "reasonably predictable" overtime pay as an element of a back pay award.

Id.  Applying Galindo, the Ninth Circuit reversed in part and instructed the district court to "calculate Estrada's lost health and life insurance benefits based on her out-of-pocket expenses." E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 902 (9th Cir. 1994).[7]  But the Ninth Circuit explicitly "affirm[ed] the district court's determination of Estrada's other fringe benefits and backpay award."  Id.  That is to say, it affirmed the award of "pension benefits . . . paid vacation days, holidays and sick leave," and affirmed that the awards could be calculated based on the amount the employer "paid monthly under the pertinent collective bargaining agreements for each employee."

---

[6] A court may take judicial notice of "the existence of . . . [another court's] opinion, which is not subject to reasonable dispute over its authenticity." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)); see also Fed. R. Evid. 201(b)(2) (judicial notice proper over fact not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").  The document was obtained from the U.S. National Archives.

[7] As Plaintiff points out, it is unclear why the Ninth Circuit applied Galindo, a federal law decision, to the mixed federal-and-state causes of action at issue in Farmer Bros.  But the court cannot conclude that Farmer Bros. was not, in fact, applying state law.  If the Farmer Bros. court read Galindo as only applying to federal law, and if it understood state law to permit the damages award the district court ordered, then it would not have reversed the district court's award.

United States District Court
Northern District of California

1     In light of this, it appears that the leading authority on which Defendant relies explicitly

2 affirmed a grant of fringe benefits very much like those sought by Plaintiff in this action.  Neither

3 the district court nor the Ninth Circuit suggested that Estrada would have to show that she

4 somehow bore some separate out-of-pocket expense as a result of being denied vacation days or

5 pension benefits.  Instead, the courts appeared to recognize that these benefits are earned and

6 banked up with each hour an employee works and are part of the employee's regular

7 compensation.  They are not like health and life insurance premiums, which provide no benefit to

8 the employee if she does not actually make use of the benefit.

9     The <u>Farmer Bros.</u> district court did not state specifically that the funds Farmer Brothers

10 "paid monthly under the pertinent collective bargaining agreements" were paid to a union fund,

11 but it seems likely that they were.  But even if they were paid to Estrada directly, there is no

12 reason to conclude that the fact that Siemens pays a union fund to administer Complainants'

13 benefits would change the analysis.   And the court sees no reason to conclude than an award in

14 the amount of those payments does not qualify as "compensation or equitable relief" that "is

15 appropriate under the circumstances of the case."  Cal. Labor Code § 98.7(c).

16     The court modifies its summary judgment order to only preclude an award of health and

17 life insurance benefits.

18 **IV.     Procedural Matters**

19     The court's order certifying two questions for interlocutory appeal takes effect 21 days

20 from the date of this order.  <u>See</u> ECF No. 143.  The court's stay of this action remains in effect.

21 <u>Id.</u>  As the only exception to the stay, any party or intervenor[8] has leave to seek interlocutory

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 _____

28 [8]The court's June 10 order erroneously stated that only Plaintiff had leave to seek interlocutory appeal.

8

1   appeal of this order, and to request that the court further continue the effective date of its order

2   certifying two questions for interlocutory appeal.

3   **IT IS SO ORDERED.**

4   Dated:  July 21, 2014

5   _____
    JON S. TIGAR
6   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9