UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>             Plaintiff,<br><br>        v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>             Defendant. | Case No. 12-cv-03743-JST<br><br>**ORDER GRANTING SECOND APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL; CONTINUING STAY**<br><br>Re: ECF No. 154 |

## I.   INTRODUCTION

Plaintiff, California State Labor Commissioner Julie Su ("Plaintiff"), has moved pursuant to 28 U.S.C. §1292(b) to seek interlocutory appeal of two legal issues this court decided in its May 12, 2014 summary judgment order, as modified in the Court's July 22, 2014 "Order Regarding Associational Retaliation and Fringe Benefits." For the reasons set forth below, the Court will grant the motion.

## II.   BACKGROUND

### A.   Procedural and Factual Background

Plaintiff brings a single cause of action under California Labor Code Section 6310 ("Section 6310"), which prohibits employers from retaliating against employees for making certain protected job-related safety complaints. Complaint for Backpay and Injunctive Relief for Violation of Labor Code Section 6310 ("Complaint"), Exh. A to Notice of Removal, ECF No. 1. Plaintiff alleges that Defendant Siemens Industry, Inc. ("Defendant") violated Section 6310 in terminating Complainants Charles Anderson and Charles Pitschner ("Complainants") from their positions on a crew installing a baggage conveyor system at San Francisco International Airport. Id. Complainant Anderson is also an intervenor in this action. See Order Granting Motion to Intervene, 2013 WL 3477202, 2013 U.S. Dist. LEXIS 96505, (ECF No. 35).

The parties brought cross-motions for summary judgment on various legal issues, which the court decided on May 12, 2014. Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying Plaintiff's Motion for Partial Summary Judgment ("SJ Order"), 2014 WL 1894315, 2014 U.S. Dist. LEXIS 65184 (ECF No. 102). Plaintiff later sought, and the Court granted, a motion to seek interlocutory appeal of two legal issues decided in that order. 2014 WL 2600539, 2014 U.S. Dist. LEXIS 80349 (ECF No. 143). The Court also granted Plaintiff's request to reconsider and clarify aspects of the Summary Judgment Order, and on June 12 the Court issued an "Order Regarding Associational Retaliation and Fringe Benefits" ("Clarification Order"), 2014 WL 3615582, 2014 U.S. Dist. LEXIS 100240 (ECF No. 153). In the SJ Order and the Clarification Order, the Court decided two other legal issues in Defendant's favor:

1. The Court held that Section 6310 provides a cause of action only to "[a]ny employee who is . . . discriminated against . . . because the *employee* has' engaged in protected activity," and does not provide a cause of action to an employee who is discriminated against because *another* employee has engaged in such protected activity. Clarification Order 2:17-5:16, 2014 WL 3615582, at *2-4, 2014 U.S. Dist. LEXIS 100240, at 4-11.

2. The Court held that Plaintiff may not recover as damages any health and life insurance benefits for which the Complainants did not bear out-of-pocket expenses. SJ Order 23:7-24:4, 2014 WL 1894315, at *14-15, 2014 U.S. Dist. LEXIS 65184, at 45-47, <u>as modified by</u> Clarification Order 5:17-8:17, 2014 WL 3615582, at *4-6, 2014 U.S. Dist. LEXIS 100240, at 11-17.

Plaintiff filed this motion to seek interlocutory appeal of those two legal conclusions. Other aspects of the case are described in the Summary Judgment Order. SJ Order 1-4, 2014 WL 1894315, at *1-*2, 2014 U.S. Dist. LEXIS 65184, at 1-7.

**C.     Legal Standard**

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States. 28 U.S.C. § 1291. However,

"[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." Id. "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

### D. Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), since Complainants' state citizenships are diverse from Defendant's, and the amount in controversy exceeds $75,000. See Notice of Removal ¶¶7-16, ECF No. 1.

## III. ANALYSIS

The court addresses each of the required findings in order.

### A. Controlling Question of Law

Both of the issues decided are purely questions of law. The only question is whether they are "controlling."

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981) aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983) and cause dismissed sub nom. Arizona v. U.S. Dist. Court for the Dist. of Arizona, 459 U.S. 961 (1982). However, "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id. at 1026. "A steadily growing number of decisions" have found "that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 Wright, Miller & Cooper, Fed. Prac.

3

& Proc. (Juris.) § 3930 (3d ed.) (citing cases).

Here, both legal determinations are likely to significantly affect the outcome of the litigation. The Court's holding regarding "associational retaliation" cuts off much of Complainant Pitschner's claim. As for the decision on fringe benefits, while that issue only goes to the extent of damages, its impact on damages appears to be significant. While normally a ruling cutting off the extent of damages is not particularly appropriate for interlocutory appeal, in some cases it can be. See, e.g., Ditullio v. Boehm, 662 F.3d 1091, 1096 (9th Cir. 2011) (considering interlocutory appeal of an order holding that a plaintiff could not seek punitive damages).

Plaintiff also objects that the Court only granted Plaintiff leave to appeal questions *newly* decided in the Clarification Order, and not any issues decided in the SJ Order. Plaintiff sought clarification of the SJ Order to clarify the extent of the Court's holding on the fringe benefits recoverable in this action. Having received such clarification in the Clarification Order, it was permissible to seek interlocutory appeal of the original holding as modified by the Clarification Order.

As it did previously, the Court also notes that the questions decided are of substantial public policy importance to the state as a whole, and that as the State Labor Commissioner, Plaintiff is well situated to seek clarity from the appellate court on the questions presented.

**B.   Substantial Ground for a Difference of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Reasonable jurists could disagree with the Court's conclusion that Section 6310's text does

not give a cause of action to an employee who did not himself engage in protected activity. For reasons more fully explained in the Clarification Order, the Court finds that the text of the statute is not susceptible to such an interpretation, and that other decisions allowing "associational" causes of action were interpreting statutes with importantly different language. Clarification Order 2:17-5:16, 2014 WL 3615582, at *2-4, 2014 U.S. Dist. LEXIS 100240, at 4-11. But a California court has, at least once, interpreted the text of Section 6310 to extend beyond its literal scope. Lujan v. Minagar, 124 Cal. App. 4th 1040, 1045-46 (2004).

Reasonable jurists could also disagree with the Court's conclusion that health and life insurance benefits are not recoverable in a Section 6310 action. For reasons set forth in the SJ Order and the Clarification Order, the Court understands EEOC v. Farmer Bros Co. ("Farmer Bros."), 31 F.3d 891, 902 (9th Cir. 1994), to be precedent on the question of what types of damages are available under Section 6310. SJ Order 23:7-24:4, 2014 WL 1894315, at *14-15, 2014 U.S. Dist. LEXIS 65184, at 45-46, as modified by Clarification Order 6:24-28, n. 5 & 7:26-28, n. 7, 2014 WL 3615582, at *4, n. 5, at *5, n. 7, 2014 U.S. Dist. LEXIS 100240, at 12, n. 5, at 14, n. 7. But especially since the Farmer Bros. court did not explain why it applied Galindo v. Stoody, 793 F.2d 1502, 1516-17 (9th Cir. 1986), a case interpreting federal law, to apply to state law, a reasonable jurist could decide the question differently.

There are substantial grounds for a difference of opinion.

### C.     Material Advancement of the Litigation

"[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese, 643 F.3d at 688. As one commentator has put it, "[i]deally, § 1292(b) could be used to allow interlocutory appeals whenever the district court and court of appeals agree that immediate review is a good gamble." 16 Wright, Miller & Cooper, supra, at § 3930.

Here, especially since this action will likely be stayed while Plaintiff seeks interlocutory appeal of the earlier-decided questions, interlocutory appeal is an unusually good gamble. It would not be an efficient use of judicial resources to appeal only two of the four major outstanding legal issues before trial, only to then have to return to those issues again after trial.

Interlocutory appeal of these issues would materially advance the litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's second motion to seek interlocutory appeal. In total, the Court has now certified the following questions for interlocutory appeal:

1. Whether Plaintiff may recover on the theory that Complainants, who were directly employed by Siemens, made protected safety complaints to Turner Construction, to whom Siemens was a subcontractor. SJ Order 6:19-13:11, 2014 WL 1894315, at *4-*8, 2014 U.S. Dist. LEXIS 65184, at 11-24.

2. Whether, to prevail on a Section 6310 claim, Plaintiff must show that "retaliatory animus . . . [was] a but-for cause of the employer's adverse action." SJ Order 13:13-28, 2014 WL 1894315, at *8 and *8, n. 7, 2014 U.S. Dist. LEXIS 65184, at 24-25 and 25, n.7.

3. Whether Section 6310 provides a cause of action only to "[a]ny employee who is . . . discriminated against . . . because the *employee* has' engaged in protected activity," and does not provide a cause of action to an employee who is discriminated against because *another* employee has engaged in such protected activity. Clarification Order 2:17-5:16, 2014 WL 3615582, at *2-4, 2014 U.S. Dist. LEXIS 100240, at 4-11.4.

4. Whether Plaintiff may recover as damages any health and life insurance benefits for which Complainants did not bear out-of-pocket expenses. SJ Order 23:7-24:4, 2014 WL 1894315, at *14-15, 2014 U.S. Dist. LEXIS 65184, at 45-47, <u>as modified by</u> Clarification Order 5:17-8:17, 2014 WL 3615582, at *4-6, 2014 U.S. Dist. LEXIS 100240, at 11-17.

Both this order, and the Court's June 10 order certifying the two earlier questions, take effect on the date of this order. Any application to the Ninth Circuit must be made "within ten days after the entry of" this order. 28 U.S.C. § 1292(b). The Court hereby CONTINUES the stay of this action for ten days from the date of this order, and stays all activity except for Plaintiff

1  filing an application to the Ninth Circuit for interlocutory appeal.  If Plaintiff files a notice of
2  appeal within that time, the Court will stay this action pending appeal, vacate the trial and other
3  dates, and terminate all pending motions and deadlines.  If no appeal is filed, the stay will expire
4  in ten days and the December trial date will remain in effect.

   The parties are ORDERED to move the Court to set a case management conference
6  immediately upon the Ninth Circuit issuing an order denying the application for interlocutory
7  appeal or issuing an order deciding the issues certified for interlocutory appeal.

   **IT IS SO ORDERED.**

9  Dated: September 22, 2014



JON S. TIGAR
United States District Judge