UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>    Plaintiff,<br><br>    v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>    Defendant. | Case No. 12-cv-03743-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: ECF No. 175 |

Currently before the Court is Plaintiff California State Labor Commissioner Julie Su's ("Plaintiff") motion to amend the Court's scheduling order and motion for leave to file an amended complaint. ECF No. 175.[1] The Court will deny the motion.

## I.    BACKGROUND

This case was filed on July 17, 2012. ECF No. 1. It was originally set for trial on June 2, 2014, ECF No. 59. The trial date was vacated, however, when Plaintiff sought leave to file an interlocutory appeal of certain rulings made by the Court during the resolution of cross-motions for summary judgment the Court decided on May 12, 2014. The Court granted Plaintiff's motion to seek interlocutory appeal, and stayed the trial court proceedings for the duration of the appeal. ECF No. 143, 162.

On November 14, 2014, the Ninth Circuit denied Plaintiff permission to appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 166. This case then returned to this Court, which set a case management conference for November 26, 2014. ECF No. 165. The parties submitted a joint case management statement, which indicated that no amendments to the pleadings were sought at that time and that discovery had been completed. ECF No. 167 at 3. The parties indicated "[t]his

---

[1] The Court has determined that the motion is suitable for disposition without oral argument. Civ. L.R. 7-1(b).

matter is ready for trial, and the only dates that need to be scheduled are the pretrial conference and the trial." Plaintiff, Defendant, and Intervenor requested "the earliest possible date for pretrial conference and trial," but each provided numerous periods during which he, she or it would be unavailable for trial. See id. at 4-5. Defendant subsequently filed a letter to the Court indicating that Defendant's client representative would also be unavailable for trial for a two week period in late June. On December 4, 2014, taking into consideration the parties' stated unavailable dates and the Court's own pre-existing schedule, the Court set the case for pre-trial conference on July 31, 2015 and trial beginning on August 17, 2015.

On January 22, 2015, Plaintiff filed this motion, seeking "to amend the Scheduling Order in order to file an Amended Complaint," which "would allege that Complainants Anderson and Pitschner were terminated in part for their February 2010 protected safety complaints to their union in the presence of their supervisor." ECF No. 175-1.

## II. LEGAL STANDARD

Requests to modify a scheduling order made after the Court has set a timetable for amending the pleadings are governed by Federal Rule of Civil Procedure 16. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) requires "good cause" and the consent of the Court to amend a scheduling order. Fed. R. Civ. P. 16(b)(4). As Plaintiff acknowledges, the Court considers the diligence of the parties in deciding such a motion. Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

## III. ANALYSIS

Plaintiff seeks to amend the complaint in this action over a year after the close of discovery in order to add a new allegation about conduct that allegedly occurred five years ago -- that Complainants were terminated in part for a protected February 2010 conversation about safety complaints that was overheard by their supervisor.

In Coleman, the Ninth Circuit affirmed the District Court's refusal to permit the plaintiffs

2

in that case to amend their pleading after plaintiffs requested such relief for the first time in their reply to Defendant's response to their motion for summary judgment. Coleman, 232 F.3d at 1294. The court noted that granting the request would have prejudiced the defendant by requiring the discovery to be reopened, but noted that, even if defendant would not have been prejudiced, the denial would have been justified as plaintiffs had "failed to show diligence" in seeking to amend their complaint. Id.

In the instant case, Plaintiff's only argument regarding diligence is a complete non-sequitur. Plaintiff argues that she did not state any previous intention to amend the complaint "because Plaintiff hoped and believed that the trial would be set within a few to six months, and she did not want to do anything that could delay trial" at the time she submitted the November 26, 2014 Joint Case Management Statement. ECF No. 175-1. Plaintiff argues that because the Court then scheduled trial on a date later than the one she expected, Plaintiff exercised reasonable diligence by filing this motion January 22, 2015, more than six weeks after the Court's setting of the trial schedule.

This argument misses the point. The conversation Plaintiff seeks to add to the complaint occurred on February 9, 2010. ECF No. 177. Complainants Anderson and Pitschner were parties to the conversation and Anderson received a call from his supervisor David Slotta later that day in which Slotta said he had seen Anderson talking to his "buddy Jim Smith." ECF No. 175-1. All of these facts were known to Complainants throughout the entire history of this litigation.

Plaintiff does not explain why it took her five years after the conduct in question allegedly occurred, almost three years after the filing of the complaint, and one year after the close of discovery, to propose her new allegations. The Ninth Circuit held in Coleman that plaintiffs had failed to demonstrate diligence by moving to amend a complaint in their reply brief at summary judgment. Plaintiff Su, who filed her summary judgment reply brief almost a year ago, on March 21, 2014, is in a substantially worse position than the plaintiffs in Coleman.

## CONCLUSION

Plaintiff has not shown diligence. Therefore, "the inquiry [will] end," Johnson, 975 F.2d at 609, and the Court need not address the question of prejudice to the Defendant. Plaintiff's motion

is denied.

IT IS SO ORDERED.

Dated: February 22, 2015

_____
JON S. TIGAR
United States District Judge

4