UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIE SU,

        Plaintiff,

    v.

SIEMENS INDUSTRY, INC.,

        Defendant.

Case No.  12-cv-03743-JST

**ORDER**

Re: ECF No. 205-1

        Now before the Court is Intervenor Charles Anderson's "Declaration In Support of A Motion to Shorten Time, Motion for Leave to File a Motion for an Emergency Writ of Mandate." ECF No. 205-1.  The Court will deny the motion.

        The first reason the Court must deny the motion is that the relief Mr. Anderson seeks is not available.  The purpose of a writ of mandate, in this context,[1] is for a federal appellate court "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  Bennett Evan Cooper, Federal Appellate Practice: Ninth Circuit § 11:1 (online ed. 2015) (quoting Taiwan v. U.S. Dist. Court for the N. Dist. of Cal., 128 F.3d 712, 717 (9th Cir. 1997)).  This is a trial (or "inferior") court, not an appellate court.  The remedy Mr. Anderson seeks simply has no application here.  55 C.J.S. Mandamus § 1 (online ed. 2015) ("[a] writ of mandate is not a remedy available in the trial court").

        Secondly, although Mr. Anderson's motion contains several specific requests for relief, most of them consist of requests that the Court direct counsel for Plaintiff Su to include Mr.

---

[1] The phrase "writ of mandate" has other meanings, but none that apply here.

Anderson in any communications Plaintiff's counsel has with counsel for Defendant Siemens. Plaintiff's counsel is not required to include Mr. Anderson in his communications with defense counsel, and this Court does not have the authority to require him to do so.

Mr. Anderson also requests that the Court conduct an *in camera* hearing so that he can explain his concerns directly to the undersigned. ECF No. 205-1 at 4. The Court is not allowed to hold such a hearing. Except in certain circumstances not present here, "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." Code of Conduct for United States Judges, Canon 3(A)(4); United States v. Spentz, No. 2:08-CR-00164-KJD, 2015 WL 4086556, at *1 (D. Nev. July 2, 2015) (same).

The Court notes that Mr. Anderson states that he has some problems "not understanding [his] position as Intervenor." ECF No. 205-1 at 3. The Court cannot assist him by providing legal advice. Mr. Anderson is encouraged to seek the assistance of the Legal Help Center. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and in Oakland at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at (415) 782-8982. Mr. Anderson may also wish to consult the Northern District of California manual, Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

The motion is denied.

**IT IS SO ORDERED.**

Dated: October 19, 2015

_____
JON S. TIGAR
United States District Judge