UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SU,<br><br>        Plaintiff,<br><br>        v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>        Defendant. | Case No.  12-cv-03743-JST<br><br>**ORDER**<br>Re: ECF No. 215 |

        On December 15, 2015, the Court ordered the parties to "submit whatever documents are required to finalize their settlement . . . ." ECF No. 215.  Instead of filing a motion seeking some form of relief, on January 4, 2016, the parties hand-delivered a letter to the Court attaching the settlement agreement and "request[ing] that the Court approve the settlement agreement."  The Court placed the letter and accompanying settlement agreement on the Court's ECF docket.  ECF No. 216.  An attorney for Plaintiff then called the clerk's office and asked if the letter could be removed, as the parties had intended to lodge the settlement agreement with the Court, rather than file it.

        The requests contained in the parties' letter are denied without prejudice.  A request for relief must be submitted in a motion.  Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); see also Civ. L.R. 7-1(a) (same); Plaskon v. Pub. Hosp. Dist. No. 1 of King Cty., No. C06-0367RSL, 2008 WL 249019, at *1 (W.D. Wash. Jan. 28, 2008) ("Plaintiff submitted two requests for relief from the Court as letters, despite the Court's warning that any such request must be contained in a motion and otherwise comply with the Local Rules."); Mortensen v. Nevens, No. 2:10-CV-02263-KJD, 2011 WL 772885, at *1 (D. Nev. Feb. 25, 2011) ("A letter, again, is not a motion, and a letter should not be docketed as a motion[.]").  There are exceptions to this general rule – by prior order of the Court or the Court's standing orders – but

1   these exceptions do not apply here.

2   It is unclear why the parties submitted their settlement to the Court for approval. Court
3   approval of a settlement is not ordinarily required. <u>Donnarumma v. Barracuda Tanker Corp.</u>, 79
4   F.R.D. 455, 458 (C.D. Cal. 1978). If the parties want to submit their settlement agreement for
5   Court approval, they should do so in a motion. They should also explain the statutory or other
6   basis for their belief that Court approval is required, and identify the factors the Court should
7   apply in making its determination.

8   If the parties believe that their motion, or any order the Court might issue respecting that
9   motion, should be sealed, the parties should file a motion pursuant to Civil Local Rule 79-5 and
10  this Court's Standing Order Governing Administrative Motions to File Materials Under Seal.
11  They should not request such relief in a phone call to Clerk's Office staff.

12  The letter at ECF No. 216 is stricken from the docket.

13  IT IS SO ORDERED

14  Dated: January 7, 2016

     _____
     JON S. TIGAR
     United States District Judge